**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J. G., et al.,<br><br>        Plaintiff,<br><br>   v.<br><br>PALOS VERDES PENINSULA UNIFIED SCHOOL DISTRICT, BOARD OF EDUCATION, et al.,<br><br>        Defendants. | Case No. 2:21-cv-07705-DOC-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.    Pertinent Procedural History and Plaintiffs' Claims

On September 27, 2021, Plaintiffs J. G., a minor, by and through his parent Richard Ginsburg, proceeding pro se, and his parent Richard filed a Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), (4), 1367, and 2201, alleging violations of various rights under the United States Constitution and the California Constitution, in connection with Defendant Palos Verdes Peninsula Unified School District Board of Education's ("PVPUSD") mask requirement. [Dkt. No. 1 at 1, 3, 7.] Plaintiffs name the PVPUSD, Dr. Alex Cherniss, Matthew Brach, Linda Reid, Richard Phillips, Ami Gandhi, and Megan Crawford as Defendants in both their individual and

official capacities. [*Id.* at 2-3.]

Plaintiffs allege that on August 19, 2021, the PVPUSD, through Defendant Dr. Alex Cherniss, issued a mask requirement for all district campuses that required "masking at all times with the exception of eating, drinking or carrying out activities that preclude use of facemasks." [*Id.* at 7, ¶ 30.] Plaintiffs allege that the masking requirement causes immediate and irreparable harm to students, staff, and community [Id. at 8.] Plaintiffs further allege that Defendants have a "financial incentive for implementing the mask mandate, despite that such a requirement serves no scientific purpose and subjects individuals who wear masks to the health risks discussed above." [*Id.* at 14.]

On October 6, 2021, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and found that Plaintiff Richard Ginsburg, proceeding pro se, could not pursue this case on behalf of minor child, J. G., because J. G. must be represented by counsel. [Dkt. No. 6.] The Court dismissed J. G. from the Complaint. [*Id.*] The Court further ordered Plaintiff Richard Ginsburg to file, no later than November 2, 2021, a First Amended Complaint that corrected the defects identified by the Court in its October 6, 2021 Order. [*Id.*] The deadline for filing Plaintiff's First Amended Complaint has passed, and Plaintiff has neither filed his First Amended Complaint nor communicated with the Court about his case since September 30, 2021.

On November 15, 2021, the Court ordered Plaintiff to show cause by November 29, 2021 why the Court should not recommend that this action be dismissed for failure to prosecute. [Dkt. No. 7.] To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court about his case. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

## II.    Discussion

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff has not filed his First Amended Complaint. Plaintiff's failure to file a First Amended Complaint or show good cause for his delay prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendants – does not counsel in favor of dismissal because Defendants have not been served and may otherwise be unaware that a case has been filed. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of

3

prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

      The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal.  However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court and file a First Amended Complaint.  Plaintiff was also expressly warned that failure to comply with the Court's orders could result in dismissal.  [*See* Dkt. Nos. 6-7.]  Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

      The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.  It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics.  *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991).  Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits.  This factor does not weigh in favor of or against dismissal.

//
//
//
//
//

4

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

**IT IS SO ORDERED.**

Dated: December 15, 2021

*/s/ David O. Carter*
_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Patricia Donahue*
_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE